[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-14443
Non-Argument Calendar
_____

D.C. Docket No. 1:10-cv-03401-RWS


PAUL DENT,

Plaintiff-Appellant,

versus

GEORGIA POWER COMPANY,

Defendant-Appellee.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 17, 2013)

Before TJOFLAT, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Paul Dent, proceeding *pro se*, appeals the district court's grant of summary

judgment in favor of Georgia Power on his claim of retaliation under Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-3(a). In his complaint, Dent alleged that Georgia Power placed him on administrative leave and then terminated him based on his filing of two claims of racial discrimination: an internal Workplace Ethics ("WPE") concern, and an Equal Opportunity Employment Commission ("EEOC") charge. Georgia Power submitted evidence that its decisionmakers did not know about Dent's EEOC charge and that it placed Dent on administrative leave and subsequently terminated him because of his insubordinate behavior during a meeting with his superiors approximately two months after the filing of his WPE concern and less than a week after the filing of his EEOC charge. The district court concluded that Dent's evidence did not establish a *prima facie* case of retaliation, and, in any event, Dent could not show that Georgia Power's proffered reason for its actions was pretextual.

We review *de novo* the district court's grant of summary judgment, viewing all evidence and factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party. *Sims v. MVM, Inc.*, 704 F.3d 1327, 1330 n.2 (11th Cir. 2013). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against employees for engaging in activity protected under the

2

statute. 42 U.S.C. § 2000e-3(a). Specifically, it prohibits discrimination because an employee "opposed any practice made an unlawful employment practice by [Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." *Id.*

When, as here, a plaintiff uses circumstantial evidence to prove discrimination under Title VII, we apply the burden-shifting approach articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817 (1973). *See Brooks v. Cnty. Comm'n*, 446 F.3d 1160, 1162 (11th Cir. 2006). Under the *McDonnell Douglas* framework, a plaintiff has the initial burden to establish a *prima facie* case of discrimination, which creates a presumption that the employer discriminated against the plaintiff. *Id.* If the plaintiff establishes a *prima facie* case, the burden of production shifts to the employer to provide a legitimate, nondiscriminatory reason for the action taken, which rebuts the presumption of discrimination. *Id.* The plaintiff is then afforded an opportunity to show that the employer's stated reason is a pretext for discrimination. *Id.* Despite the shifting of burdens of production, the ultimate burden to prove intentional discrimination remains with the plaintiff. *Id.*

To establish a *prima facie* case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in statutorily protected activity; (2) he suffered a materially adverse employment action; and (3) there was a causal connection

3

between the protected activity and the materially adverse employment action. *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir. 2001). "The causal link element is construed broadly so that a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated." *Id.* (quotations omitted). "At a minimum, a plaintiff must generally establish that the employer was actually aware of the protected expression at the time it took adverse employment action." *Clover v. Total Sys. Servs., Inc.*, 176 F.3d 1346, 1354 (11th Cir. 1999) (quotation omitted). Causation may be inferred by close temporal proximity between the protected activity and the adverse employment action. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1364 (11th Cir. 2007). However, temporal proximity alone is not sufficient when the unrebutted evidence shows that the decisionmaker did not have knowledge of the employee's protected conduct. *See Brungart v. BellSouth Telecomms., Inc.*, 231 F.3d 791, 798-99 (11th Cir. 2000).

Once the employer has advanced a legitimate, nondiscriminatory reason, a plaintiff must prove pretext by a preponderance of evidence. *Meeks v. Computer Assocs. Int'l*, 15 F.3d 1013, 1019 (11th Cir. 1994). To prove pretext, a plaintiff may rely on evidence previously submitted as part of his *prima facie* case. *Chapman v. AI Transp.*, 229 F.3d 1012, 1024 (11th Cir. 2000) (en banc). An employer's reasons may be shown to be pretextual "by revealing such weaknesses,

4

implausibilities, inconsistencies, incoherencies or contradictions in [its] proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Springer v. Convergys Customer Mgmt. Grp.*, 509 F.3d 1344, 1348 (11th Cir. 2007) (quotation omitted).  A reason cannot be a "pretext *for discrimination* unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 515, 113 S. Ct. 2742, 2752 (1993) (quotation omitted).

If the proffered reason is one that might motivate a reasonable employer, a plaintiff cannot merely recast the reason, but must "meet that reason head on and rebut it." *Chapman*, 229 F.3d at 1030.  A plaintiff must show pretext with "concrete evidence in the form of specific facts." *Bryant v. Jones*, 575 F.3d 1281, 1308 (11th Cir. 2009).  Mere "conclusory allegations and assertions" will not suffice.  *Id.*  We have observed that the fact that an employer's decision was subjective, or that it was based on an unwritten or informal policy subject to differing interpretations, without more, does not show that it was pretextual. *Connor v. Fort Gordon Bus Co.*, 761 F.2d 1495, 1501 (11th Cir. 1985).  And "[w]hen a plaintiff chooses to attack the veracity of the employer's proffered reason, '[the] inquiry is limited to whether the employer gave an honest explanation of its behavior.'" *Kragor v. Takeda Pharm. Am., Inc.*, 702 F.3d 1304,

5

1310-11 (11th Cir. 2012) (quoting *Elrod v. Sears, Roebuck & Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991)).

Dent's WPE concern and EEOC charge were statutorily protected activities and his termination was an adverse employment action. The district court assumed, for purposes of summary judgment, that Dent also suffered an adverse employment action when Georgia Power placed him on administrative leave. Because neither party contests this decision, we will assume the same for purposes of this appeal.[1]

As to the EEOC charge, however, Dent did not make a *prima facie* case because neither of the decisionmakers had knowledge of it prior to suspending and terminating Dent. Dent has not provided any evidence to show otherwise, and no reasonable inference from Dent's evidence suggests that the decisionmakers knew of the EEOC charge prior to his termination. [2]

---

[1]    Although Dent claimed in his summary judgment response that he was "blacklisted" after his termination and this constituted a third adverse employment action, the district court properly refused to consider this argument because it was not raised in Dent's amended complaint. *See Gilmour v. Gates, McDonald, & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment."); *Maniccia v. Brown*, 171 F.3d 1364, 1367 n.1 (11th Cir. 1999) (affirming district court's conclusion at summary judgment stage that a claim should not be addressed because it was not raised in the complaint).

[2]    Dent argues liability based on a "cat's paw" theory of causation. *See Sims*, 704 F.3d at 1335 n.6 (noting that cat's paw theory, also referred to as "subordinate bias theory," is liability seeking to hold an employer liable for the animus of a supervisor who was not charged with making the ultimate employment decision). This argument fails because the Georgia Power manager who knew about Dent's EEOC charge did not speak to either of the decisionmakers prior to their decision, and Dent did not show that the manager who knew of the charge took any

6

As to the WPE concern, even assuming *arguendo* that Dent has established a *prima facie* case, he cannot show that Georgia Power's proffered legitimate, nondiscriminatory reason for its actions was pretext. Georgia Power alleged that Dent was suspended and subsequently terminated based on his insubordinate behavior in a meeting with his superiors. Dent acknowledges that he was upset during the meeting and that, after he was told that he had violated a company policy and that there would be consequences if he continued to do so, he encouraged his supervisors to discipline him because he was not going to change his conduct. Although Dent argues that a jury could find that his behavior in the meeting was reasonable, the determination that Dent's conduct was insubordinate was a subjective one. Accordingly, the fact that someone other than Dent's employer might not have viewed his conduct as insubordinate does not prove pretext or establish a jury question as to pretext. *See Connor*, 761 F.2d at 1501. Dent has not shown that Georgia Power's proffered reasons were weak, implausible, inconsistent, incoherent, contradictory, or false, or that discrimination was the real reason for his termination. *See Kragor*, 702 F.3d at 1309; *Springer*, 509 F.3d at 1348.

---

action motivated by a discriminatory or retaliatory animus that was intended to create an adverse employment action. *See Staub v. Proctor Hosp.*, 562 U.S. ___, ___, 131 S. Ct. 1186, 1194 (2011).

The district court did not err by granting summary judgment to Georgia Power.

AFFIRMED.